959 F.2d 230
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES of America, Plaintiff, Appellee,
v.
ONE 1986 PONTIAC FIREBIRD, VIN: 1G2FW8784GN230421, et al.,
Defendants, Appellees,
Germain RAMIREZ FERNANDEZ, Claimant, Appellant.
 
 No. 91-2185.
 United States Court of Appeals,
First Circuit.
 April 2, 1992
 Germain Ramirez-Fernandez on brief pro se.
 Richard S. Cohen, United States Attorney and F. Mark Terison, Assistant United States Attorney, on brief for appellee.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 Claimant appeals from a forfeiture judgment entered after the district court struck claimant's claim because it had not been verified. We conclude the claim should not have been stricken and vacate the judgment.
 
 
 2
 * On December 12, 1989, the government filed a complaint seeking to forfeit two vehicles, one of which was a 1986 Pontiac Firebird. The government alleged that on March 16, 1989, Germain Ramirez-Fernandez (Ramirez) had driven the 1986 Pontiac Firebird to the Maine Motel to carry out a drug transaction, had distributed cocaine while sitting in the vehicle, and then had transported the buyer and cocaine utilizing the Firebird. On January 17, 1990, Ramirez, who was then incarcerated in Leavenworth, Kansas, filed a letter addressed to the clerk of the court. The pro se letter identified itself as a "claim to said property" and "answer to the Complaint for Forfeiture." In the letter, Ramirez claimed to own the Firebird, and he generally denied the allegations of the complaint without much specificity. No further document labelled as an "answer" or "claim" was filed by Ramirez.
 
 
 3
 The letter answer and claim did not comply with Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which requires that a claim "be verified on oath or solemn affirmation," for it was not verified. Nor were the claim and answer in separate documents as contemplated by the rule, and the substance of the letter claim and answer-a general denial of the complaint's allegation-was less particularized than ideal.[1] The government, however, did not then object to the deficiencies. Rather, various other motions were filed, and a final pre-trial conference was scheduled for July 26, 1990. When Ramirez, still incarcerated, did not appear for the pre-trial conference, he was defaulted, and a default judgment subsequently entered. On appeal, we vacated the default judgment and remanded for further proceedings. United States v. One 1986 Pontiac Firebird, nos. 90-1956, 90-2091 slip op. (1st Cir. May 30, 1991). Only after our remand, on September 24, 1991 (over a year and a half after the claim and answer had been filed), did the government move to strike on the ground that the letter failed as a claim since it was not verified and failed as an answer because the allegations were so generalized. The court granted the motion and once again entered a forfeiture decree. Claimant has appealed.
 
 II
 
 4
 Fairly early on in the litigation (April 20, 1990), Ramirez filed an affidavit, sworn before a notary, containing all the information called for by Rule C(6). Ramirez claimed ownership of the Firebird, denied that he had utilized it on March 16, 1989 as alleged in the complaint, denied that he had ever transported cocaine in the Firebird, and claimed that the defendant Firebird had remained unused in his yard from November 1988 through April 1989. In an additional sworn statement filed on June 22, 1990, Ramirez outlined his defense further. He claimed that on March 16, 1989, the date of the alleged cocaine transaction, he had occupied a 1985 Pontiac Firebird registered to Miss Mindy DeJesus, and not the 1986 Pontiac Firebird which was the subject of the forfeiture action. In sum, under oath, Ramirez asserted ownership of the 1986 Firebird, denied ever having used the 1986 Firebird to transport cocaine, and outlined a viable (if proven) wrong car defense to the forfeiture action. Except for the fact that the pieces of paper were labelled "affidavit" rather than claim, Rule C(6)'s verification requirement was met.
 
 
 5
 In the past, we have excused procedural irregularities where the substantive requirements have been met. For example, in United States v. One Urban Lot Located at 1 Street A-1, 885 F.2d 994 (1st Cir. 1989), we noted the "traditional admiralty view that libels and procedural practices should be construed liberally" and concluded that a verified answer, which contained all the information required in a claim, should have been treated as a claim. Id., 999-1000. We think the same principle should be applied here and Ramirez's affidavits treated as his claim.
 
 
 6
 To be sure, the affidavits were not filed within the time limits specified by Rule C(6). The time limits, however, are not jurisdictional and may be extended. Indeed, we have said,
 
 
 7
 "So that to the greatest extent possible controversies are decided on the merits, a district judge should exercise his discretion to grant additional time for the filing of a claim or treat an answer containing all the elements of a claim as a claim when 'the goals underlying the time restriction and the verification [of the claim] are not thwarted.' "
 
 
 8
 One Urban Lot Located at 1 Street A-1, 885 F.2d at 1001. Those goals-"to force claimants to come forward as soon as possible after forfeiture proceedings have begun and to prevent false claims," id.,-have not been frustrated here, for Ramirez did file a letter answer and claim (albeit an unsworn one) fairly promptly, and his affidavits containing all the information required by Rule C(6) had been on file for over a year when the government moved to strike. In these circumstances, we think the government's tardily raised objection that the claim was not verified when affidavits functionally equivalent to a claim and answer had been verified, was too formalistic and did not warrant striking the claim. Consequently, we vacate the forfeiture decree and order striking the claim and remand for further proceedings.
 
 
 9
 Claimant's request for sanctions or attorney's fees is denied. The judgment is vacated and the case is remanded.
 
 
 
 [1]
 Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides in material part as follows:
 (6) Claim and Answer; Interrogatories. The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action.